**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**GLOBAL NOTES AND**
**STATEMENT OF LIMITATIONS, METHODOLOGY,**
**AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES**
**OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

## General

Claire's Holdings LLC ("Claire's") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), are filing their respective *Schedules of Assets and Liabilities* (each, a "Schedule" and, collectively, the "Schedules") and *Statements of Financial Affairs* (each, a "Statement" or "SOFA" and, collectively, the "Statements" or "SOFAs") with the United States Bankruptcy Court for District of Delaware (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

These global notes and statements of limitations, methodology, and disclaimers regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to, and referenced in connection with, any review of the Schedules and Statements.[2]

The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a stand-alone, unconsolidated basis. These

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]    These Global Notes supplement, and are in addition to, any specific notes contained in each Debtor's Schedules or Statements.  The fact that the Debtors prepared a Global Note with respect to any individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, managers, officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not, and however caused, even if the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Chris Cramer, Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer of the Debtors, and an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Cramer has relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals. Given the scale of the Debtors' businesses, Mr. Cramer has not (and practically could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors. The Debtors reserve their right to amend the Schedules and Statements from time-to-time as may be necessary or appropriate; *provided* that the Debtors, their agents, and their advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

The Schedules, Statements, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.

## Global Notes and Overview of Methodology

1.  **Description of the Cases**.    The Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code on August 6, 2025 (the "Petition Date").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.    On August 7, 2025, the Court entered an order authorizing the joint administration of the cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 79].  On August 21, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 154], as subsequently amended on August 21, 2025 [Docket No. 216] (the "Committee").  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  No trustee or examiner has been appointed in these chapter 11 cases.

2.  **Global Notes Control**.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.  In the event that the Schedules or Statements differ from any of the Global Notes, the Global Notes shall control.

3.  **Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate, but do not undertake any obligation to do so, except as required by applicable law.  Nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party, or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other relevant bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

    a.  **No Admission**.  Nothing contained in the Schedules and Statements or the Global Notes is intended as, or should be construed as, an admission or stipulation of the validity of any claim against any Debtors, any assertion made therein or herein, or a waiver of any of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

    b.  **Claims Listing and Descriptions**.  The listing of a claim does not constitute an admission of liability by any of the Debtors, and the Debtors reserve the right to

amend the Schedules and Statements accordingly, including with respect to claim description and designation. Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve all rights to dispute and to assert setoff rights, offsets, counterclaims, and defenses to any claim reflected on their respective Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

c. **Recharacterization**. The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. Nevertheless, due to the complexity of the Debtors' businesses, the Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired on a postpetition basis.

d. **Classifications**. Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured priority," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

e. **Estimates and Assumptions**. To prepare these Schedules and Statements and report information on a legal entity basis, the Debtors were required to make certain reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

f. **Causes of Action**. Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any claim, controversy, demand, right, action, suit, obligation, liability, debt, account, defense, offset, power, privilege, license, lien, indemnity, guaranty, interest, damage, remedy, cause of action, proceeding, agreement, or franchise of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or

non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, matured or unmatured, suspected or unsuspected, whether arising before, on, or after the Petition Date, in contract, in tort, at Law, in equity, or otherwise. Causes of action also include: (i) all rights of setoff, counterclaim, or recoupment, and claims under contracts or for breaches of duties imposed by law or in equity; (ii) any claim based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, violation of local, state, federal, or foreign law, or breach of any duty imposed by law or in equity, including, without limitation, securities laws, negligence, and gross negligence; (iii) the right to object to or otherwise contest claims or interests; (iv) claims pursuant to sections 362 or chapter 5 of the Bankruptcy Code; (v) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code; and (vi) any avoidance actions arising under chapter 5 of the Bankruptcy Code or under similar local, state, federal, or foreign statutes and common law, including, without limitation, fraudulent transfer laws, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions, or in any way prejudice or impair the assertion of such claims or causes of action.

g.    **Intellectual Property Rights**. Exclusion of any intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of any intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned, or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner or interest holder, however, in some instances, intellectual property owned or licensed by one Debtor may, in fact, be owned or licensed by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

h.    **Insiders**. In the circumstances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals whom the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities.

The listing or omission of a party as an "insider" for the purposes of the Schedules and Statements is for informational purposes and is not intended to be nor should be construed as an admission that those parties are insiders for purposes of section 101(31) of the Bankruptcy Code. Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for: (a) the purposes of determining (i) control of the Debtors, (ii) the extent to which any individual or entity exercised management responsibilities or functions,

(iii) corporate decision-making authority over the Debtors, or (iv) whether such individual or entity (or the Debtors) could successfully argue that they are not an insider under applicable law, including, without limitation, the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (b) any other purpose. Furthermore, certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the twelve-month period before the Petition Date, but the Debtors have included them herein out of an abundance of caution. The Debtors reserve all rights with respect thereto.

**4.** **Methodology**.

a. **Basis of Presentation**. For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include information for the Debtors and their non-Debtor affiliates. The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on an unconsolidated basis. Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that may be substantially different from financial information that would be prepared on a consolidated basis under GAAP. Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP, nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper Debtor entity. However, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, it is possible that not all assets, liabilities, or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements. Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the collection, ownership, and valuation of certain assets and the amount and nature of certain liabilities, a Debtor may report more assets than liabilities. Such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time prior to or after the Petition Date. Likewise, a Debtor reporting more liabilities than assets shall not constitute an admission that such Debtor was insolvent on the Petition Date or at any time prior to or after the Petition Date. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

b.  **Reporting Date**.  To the best of the Debtors' knowledge and except as otherwise noted herein, the asset information provided herein represents the Debtors' asset data as of August 2, 2025, the date of the Debtors' month-end closure to their balance sheet prior to Petition Date, and the Debtors' liability data herein represents the prepetition liability data of the Debtors as of the Petition Date, adjusted with prepetition liability data as of September 8, 2025, for authorized payments under the First Day Orders (as defined herein), unless otherwise specified.

c.  **Confidentiality or Sensitive Information**.  There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to, among other things, the nature of an agreement between a Debtor and a third party, local restrictions on disclosure, concerns about the confidential or commercially sensitive nature of certain information (*e.g.*, names and other information), or concerns for the privacy of the Debtors' creditors and clients.  The alterations will be limited to only what is necessary to protect the Debtor or the applicable third party.  The Debtors may also be authorized or required to redact certain information from the public record pursuant to orders of the Court authorizing the Debtors to redact, seal, or otherwise protect such information from public disclosure.[3]

d.  **Intercompany Claims**.  Receivables and payables among and between the Debtors and (i) other Debtors or (ii) their non-Debtor affiliates are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' unaudited books and records.  As described more fully in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, (D) Continue to Perform Intercompany Transactions, (II) Granting Administrative Expense Status to Postpetition Intercompany Transactions, and (III) Granting Related Relief* [Docket No. 13] (the "Cash Management Motion"), the Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated from their operations (the "Cash Management System").  The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts.  The Cash Management System is supported by approximately 193 bank accounts, 180 of which are owned and controlled by the Debtors.

Prior to the Petition Date, the Debtors and certain non-Debtor affiliates engaged in intercompany transactions (the "Intercompany Transactions") in the ordinary course of business, which resulted in intercompany receivables and payables (the "Intercompany Claims").  The Debtors maintain records of the Intercompany

---

[3]  Such as the *Final Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) Redact Certain Confidential Information of Customers, and (C) Redact Certain Personally Identifiable Information of Individuals, (II) Approving the Form and Manner of Service of the Notice of Commencement, and (III) Granting Related Relief* [Docket No. 357] (the "Creditor Matrix Order").

Claims and Intercompany Transactions.  Pursuant to the *Final Order (I) Authorizing the Debtors to (A) Continue to Operate the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, (D) Continue to Perform Intercompany Transactions, (II) Granting Administrative Expense Status to Postpetition Intercompany Transactions, and (III) Granting Related Relief* [Docket No. 368] (the "Final Cash Management Order"), the Court granted the Debtors authority to continue to engage in Intercompany Transactions in the ordinary course of business, subject to certain limitations set forth therein.  The intercompany balances set forth in Schedule A/B and Schedule E/F are as of August 2, 2025, and may not accurately reflect current positions as Debtors continue to engage in and reconcile Intercompany Transactions.

The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes.  Without limiting the generality of the foregoing, certain intercompany receivables and payables among and between the Debtors have been consolidated and netted per the Debtors' books and records.  Such treatment is not, and should not be construed as, an admission of the amount and/or validity of any such intercompany receivables and payables or the validity of any netting or offset per the Debtors' books and records.  The Debtors take no position in these Schedules and Statements as to whether any such amounts would be allowed as a Claim, an Interest, or not all allowed at all.

In addition, certain of the Debtors act on behalf of other Debtors.  Reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation.  Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity or non-Debtor affiliate is an obligor with respect to any such payment.  The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

e. **Guarantees and Other Secondary Liability Claims.**  The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, secured financings, and other such agreements.  Where guarantees have been identified, they have been included in Schedule D, E/F, or H, as applicable, for the affected Debtor(s).  The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue to review their books and records and contractual agreements.  The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified.

f.   **Excluded Assets and Liabilities.**  The Debtors may have excluded certain categories of assets and liabilities from the Schedules and Statements, including: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill and other intangibles; deferred revenue accounts; and certain accrued liabilities including accrued salaries and employee benefits.  Other immaterial assets and liabilities may also have been excluded.

g.   **Duplication**.  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Schedules and Statements.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

h.   **Net Book Value of Assets**.  In many instances, current market valuations are not maintained by, nor readily available to, the Debtors.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets.  As such, unless otherwise indicated, net book values as of August 2, 2025, are presented for all assets.  Market values may vary, sometimes materially, from net book values.  When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined."  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.  Amounts ultimately realized may vary materially from net book value (or other value so ascribed).  Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements.  Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.  Nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date or any time prior to the Petition Date.

i.   **Currency**.  All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

j.   **Payment of Prepetition Claims Pursuant to First Day Orders**.  Following the Petition Date, the Court entered various orders authorizing (but not directing) the Debtors to, among other things, pay certain prepetition:  (i) service fees and charges assessed by the Debtors' banks; (ii) insurance obligations; (iii) employee wages, salaries, and related items (including, but not limited to, employee benefit programs and supplemental workforce obligations); (iv) taxes and assessments; and (v) critical vendor obligations (collectively, the "First Day Orders").  As such, outstanding liabilities may have been reduced by any Court-approved, postpetition payments made on prepetition payables.  Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements, unless

otherwise indicated.  The Debtors reserve the right to update the Schedules and Statements to reflect payments made pursuant to an order of the Court (including the First Day Orders).

k.    **Other Paid Claims**.  To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Court approval.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary or appropriate to avoid overpayment or duplicate payment for such liabilities.

l.    **Setoffs**.  The Debtors routinely incur setoffs, net payments, and other similar rights in the ordinary course of business.  Such setoffs and nettings arise from various transactions or items including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or other disputes or agreements between the Debtors and their customers or vendors.  In accordance with Debtors' agreements with their vendors and other contract counterparties, these amounts are set off on a reoccurring basis against future revenues in a normal course reconciliation process with these partners.  These normal, ordinary course setoffs and nettings are common in the wholesale industry.  Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, certain of these ordinary course setoffs are not independently accounted for and, as such, may be excluded from the Schedules and Statements.  In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware.  Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted against them, including, but not limited to, any and all rights preserved pursuant to section 558 of the Bankruptcy Code.

m.    **Property and Equipment.**  Unless otherwise indicated, owned property and equipment are valued at net book value.

n.    **Leases**.  The Debtors have not included future obligations under any capital or operating leases in the Schedules and Statements.  To the extent there was an amount outstanding on account of such lease as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.  In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, other property interests, and/or equipment from third party lessors for use in the daily operation of their business.  Any such prepetition obligations that are

known to the Debtors have been listed on Schedule E/F, and the underlying lease agreements are listed on Schedule G. Nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement, or a real property interest), and the Debtors reserve all rights with respect to such issues.

o.  **Liens**.  The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment, and the Debtors reserve all of their rights with respect to such liens (if any).  Uniform Commercial Code ("UCC") liens as of the Petition Date, if any, are listed on Schedule D.  Certain UCC liens that the Debtors believe are no longer valid may also attach to such inventories, property, and equipment.

p.  **Insurance**.  The Debtors have not set forth insurance policies as assets or executory contracts in the Schedules and Statements.  Information regarding the Debtors' insurance policies is set forth in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Insurance, Surety Coverage, and Letters of Credit Entered Into Prepetition and Satisfy Prepetition Obligations Related Thereto, (B) Renew, Amend, Supplement, Extend, or Purchase Insurance Policies, Surety Bonds, and Letter of Credit, and (C) Continue to Pay Broker Fees, and (II) Granting Related Relief* [Docket No. 9] (the "Insurance Motion").

q.  **Allocation of Liabilities**.  The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as they deem appropriate in this regard.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

r.  **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.  To the extent there are items listed with unknown or undetermined amounts, the actual totals may be materially different from the listed totals.  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.  To the extent a Debtor is a guarantor of debt held by another Debtor

or non-Debtor affiliate, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

s.   **Unliquidated Claim Amounts**.   Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

t.   **Credits and Adjustments**.   The claims of individual creditors for, among other things, goods, products, services, and taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, rebates, trade debits, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and vendor payments, if applicable.  The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including but not limited to, the right to assert claims objections and/or setoffs with respect to the same, or apply such allowances or adjustments in the ordinary course of business on a postpetition basis.

u.   **Claims of Third-Party Related Entities**.   While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations thereto. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

v.   **Individual Addresses**.   Personal addresses of individuals including current and former employees and directors have been removed from entries listed throughout the Schedules and Statements, where applicable, pursuant to the Creditor Matrix Order.

## Specific Schedules Disclosures.

## Part 1 -  Cash and Cash Equivalents

a.   **Schedule A/B-2 – Cash and Cash Equivalents; Deposits and Prepayments**. Details with respect to the Cash Management System and bank accounts are provided in the Cash Management Motion and Final Cash Management Order.  A full schedule of the Debtors' bank accounts is included in the Cash Management Motion.   Additionally, the Bankruptcy Court, pursuant to the *Final Order (I) Approving the Debtors Proposed Adequate Assurance of Payment for Future Utility Services, (II) Approving the Debtors Proposed Procedures for Resolving Additional Assurance Requests, (III) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, and (IV) Granting Related Relief* [Docket No. 359] (the "Final Utility Order"), authorized the Debtors to deposit an

adequate assurance payment for future utility services. As this deposit did not exist on the Petition Date, Debtors have excluded this account and the corresponding balance funded in accordance with the Final Utility Order from Schedule A/B, Part 2.

The Debtors' cash balances are listed as of the close of business on August 1, 2025.

b.      **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.** Ownership interests in subsidiaries, partnerships, and joint interests have been listed in Schedule A/B, Part 4 as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

c.      **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.** Dollar amounts are presented net of accumulated depreciation and other adjustments.

d.      **Schedule A/B, Part 11 – All Other Assets.** Dollar amounts are presented net of depreciation, amortization, impairments, and other adjustments, as applicable. Additionally, the Debtors may receive refunds for sales and use tax and/or other taxes at various times throughout their fiscal year. As of the Petition Date, however, certain of these amounts are unknown to the Debtors and, accordingly, may not be listed on Schedule A/B. Intercompany receivables due from debtor entities also have been listed in Schedule A/B, Part 11.

     ***Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims.*** In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counterclaims and/or cross-claims as a defendant. Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

     ***Executory Contracts and Unexpired Leases.*** Because of the large number of the Debtors' executory contracts and unexpired leases, as well as the size and scope of such documents, the Debtors have not listed such agreements on Schedule A/B as assets. Instead, the Debtors have only listed such agreements on Schedule G.

e.      **Schedule D – Creditors Who Have Claims Secured by Property.** Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any

specific asset to a secured creditor listed on Schedule D.  Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim, subject to the Interim DIP Orders.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and to determine the nature, extent, and priority of any liens.  In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights.

f.       **Schedule E/F – Creditors Who Have Unsecured Claims.**

*Part 1 – Creditors with Priority Unsecured Claims.*  Pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition and Postpetition Taxes and Fees and (II) Granting Related Relief* [Docket No. 358] (the "Final Taxes Order"), the Debtors have been granted the authority to pay, in their discretion, certain tax liabilities that accrued prepetition.  Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been paid pursuant to the Final Taxes Order are not listed in Schedule E.  The Debtors believe that any non-disputed tax claims for prepetition amounts, whether allowable as a priority or nonpriority claim, have been or will be satisfied.

Furthermore, pursuant to the *Interim Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue the Compensation and Benefits Programs, and (II) Granting Related Relief* [Docket No. 80] (together with any final relief granted thereto, the "Wages Order"), the Debtors received authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, in the ordinary course of business.  The Debtors believe that any non-disputed, non-insider employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied.  Accordingly, such amounts are not listed.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

*Part 2 – Creditors with Nonpriority Unsecured Claims.*  The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records.  The Debtors made a reasonable attempt to set forth their unsecured obligations,

although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

The Debtors generally allocate individual liabilities to particular Debtors. However, in certain cases, it would be a time-consuming and inefficient use of estate resources, or impracticable, to assign a given liability to a particular Debtor based on a contractual obligation. Instead, the Schedules reflect the liability based on the Debtors' books and records.

Schedule E/F, Part 2 (Statements Part 3, Question 7), contains information regarding pending litigation and/or formal demands involving the Debtors. The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements. For the avoidance of doubt, demand letters received from potential litigants as a result of alleged injuries sustained at one of the Debtors' stores that do not list a specific Debtor are listed on Debtor Claire's Holdings LLC Schedules, as applicable. In addition, the Debtors' insurance may cover personal injury claims in part or in full.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases, if any, that may be or have been rejected in these chapter 11 cases.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights to, but undertake no obligation to, amend Schedules D and E/F if and as they receive such invoices.

With respect to gift cards, the Debtors cannot ascertain the identity of the vast majority of the holders of such gift cards or whether such gift cards are still in existence. Therefore, the Debtors have not included any holders of gift cards on the Schedules.

g.  **Schedule G – Executory Contracts and Unexpired Leases.**  While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, and unintended duplication of items may have occurred.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtors hereby reserve all their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreements, which documents may not be set forth in Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the same supplier or provider may appear multiple times in Schedule G.  Multiple listings, if any, may reflect distinct agreements between the applicable Debtor and such supplier or provider.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

In some cases, contract counterparties from dormant legacy businesses and historical acquisitions may not have been updated to reflect assignment to active Debtor entities although the Debtors have assumed and continue to perform under the terms of such agreements.  In such cases, Debtors have included such items on Schedule G of Claire's Holdings LLC.

Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition credit facility.  The guaranty obligations arising under these agreements are reflected on Schedules D only.

h.  **Schedule H – Co-Debtors.**  In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries.  For purposes of Schedule H, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Listing a contract, agreement or guarantee on Schedule H does not constitute an admission that such contract, agreement, or guarantee was in effect on the Petition Date or is valid or enforceable.  Thus, the

Debtors reserve their rights to dispute the validity, status, or enforceability of any contracts, agreements, or guarantees set forth on Schedule H and to amend Schedule H to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of business, the Debtors may become subject to pending or threatened litigation and claims arising out of the conduct of their businesses. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties. The Debtors have not listed any litigation-related co-debtors on Schedule H. Instead, all such listings can be found on the Debtors' Schedule E/F.

5.    **Specific Statements Disclosures.**

a.    **Statements, Part 1, Question 1.** Revenue is presented on a net basis.[4]

b.    **Statements, Part 2, Questions 3 and 4.** Prior to the Petition Date, the Debtors maintained the Cash Management System through which certain Debtors made payments on behalf of certain Debtor affiliates and certain non-debtor affiliates, as further explained in the Cash Management Motion. Consequently, all payments to creditors and insiders listed in response to Questions 3 and 4 on each of the Debtors' Statements reflect payments made by one of the Debtors or Debtor affiliates from operating bank accounts on behalf of the corresponding Debtor, pursuant to the Cash Management System described in the Cash Management Motion.

To the extent: (i) a person qualified as an "insider" in the year prior to the Petition Date, but later resigned their insider status or (ii) did not begin the year as an insider, but later became an insider, the Debtors have only listed those payments made while such person was defined as an insider in Statements, Part 2, Question 4.

c.    **Statements, Part 2, Question 6 – Setoffs.** For a discussion of setoffs and nettings incurred by the Debtors, refer to paragraph 4(l) of these Global Notes.

d.    **Statements, Part 6, Question 11.** All disbursements listed in Statement 11 were initiated and disbursed by Claire's Stores, Inc. but were for the benefit of all Debtors.

e.    **Statements, Part 10, Question 19 – Safe Deposit Boxes.** While the Debtors do not maintain any safe deposit boxes, they do maintain standard safes to store cash receipts at certain of their retail locations in the ordinary course of business.

f.    **Statements, Part 11, Question 21 – Property Held for Another.** The Debtors are obligated under various agreements and programs to remit certain funds held for third parties to such parties and have received authorization to do so under the

Wages Order and the Final Taxes Order.  To the extent that any of the funds described above are held or paid for the benefit of third parties, such funds do not constitute property of the Debtors' estates, and the Debtors therefore have not included such amounts in their responses to Statement Question 21.

g.   **Statements, Part 13, Question 25.**  Information listed in Question 25 is based on best historical corporate structure information available through August 6, 2025. Certain dates of ownership may be approximate and certain historical address information may be unavailable for entities that no longer exist.  In the case of non-U.S. entities, corporate registration numbers may be listed in place of U.S. tax ID numbers.

h.   **Statements, Part 13, Question 26 – Books, Records, and Financial Statements.** The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements that may not be part of a public filing.  The Debtors do not maintain complete lists or other records tracking such disclosures.  Therefore, the Debtors have not provided a list of these parties in their response to Statement Question 26.

**Fill in this information to identify the case:**

Debtor name          Claire's Swiss Holdings II LLC

United States Bankruptcy Court for the:     District of Delaware

Case number (If known):        25-11463

☐ Check if this is an
amended filing

Official Form 206Sum
# Summary of Assets and Liabilities for Non-Individuals

12/15

---

**Part 1:   Summary of Assets**

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B* .................................................................................................

   $ _____ 0.00

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B* .............................................................................................

   $ _____ 73,010,053.00*

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B* ...............................................................................................

   $ _____ 73,010,053.00*

---

**Part 2:   Summary of Liabilities**

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* ..........................................

   $ _____ Undetermined

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F* ................................................

   $ _____ 0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* .......................................................

   **+** $ _____ 1,000.00*

4. **Total liabilities** ...........................................................................................................
   Lines 2 + 3a + 3b

   $ _____ 1,000.00*

---

*Plus Undetermined Amounts

**Fill in this information to identify the case:**

Debtor name    Claire's Swiss Holdings II LLC

United States Bankruptcy Court for the:    District of Delaware

Case number (If known)    25-11463

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

   ☒ No. Go to Part 2.

   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

2. **Cash on hand**     $ _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- |
| 3.1 _____ | _____ | __ __ __ __ | $ _____ |
| 3.2 _____ | _____ | __ __ __ __ | $ _____ |

4. **Other cash equivalents** *(Identify all)*

   4.1 _____    $ _____

   4.2 _____    $ _____

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    $ _____ 0.00

| Part 2: | Deposits and prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

   ☒ No. Go to Part 3.

   ☐ Yes. Fill in the information below.

   Current value of debtor's interest

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   7.1 _____    $ _____

   7.2 _____    $ _____

Debtor  Claire's Swiss Holdings II LLC
Name

Case number (if known)  25-11463

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1 _____    $ _____

   8.2 _____    $ _____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.        $ _____ 0.00

## Part 3:  Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☑  No. Go to Part 4.

    ☐  Yes. Fill in the information below.

    |  | **Current value of debtor's interest** |
    |---|---|

11. **Accounts receivable**

    11a. 90 days old or less: _____ – _____ = ..... → $ _____
    face amount                doubtful or uncollectible accounts

    11b. Over 90 days old: _____ – _____ = ..... → $ _____
    face amount              doubtful or uncollectible accounts

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.        $ _____ 0.00

## Part 4:  Investments

13. **Does the debtor own any investments?**

    ☐  No. Go to Part 5.

    ☑  Yes. Fill in the information below.

    |  | **Valuation method used for current value** | **Current value of debtor's interest** |
    |---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1 None                          _____    $ _____ 0.00

    14.2 _____    _____    $ _____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                    % of ownership:

    15.1 See Attached Rider            _____ %    _____    $    Undetermined

    15.2 _____     _____ %    _____    $ _____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1 None                          _____    $ _____ 0.00

    16.2 _____    _____    $ _____

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.        $    Undetermined

*Plus Undetermined Amounts

Debtor    Claire's Swiss Holdings II LLC     Case 25-11463-BLS     Doc 5     Filed 09/08/25     Page 22 of 45    Case number (if known)   25-11463

     Name

| **Part 5:** | **Inventory, excluding agriculture assets** |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

   ☑   No. Go to Part 6.

   ☐   Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| 20. **Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| 21. **Finished goods, including goods held for resale** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| 22. **Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |

23. **Total of Part 5.**

    Add lines 19 through 22. Copy the total to line 84.        $ _____ 0.00

24. **Is any of the property listed in Part 5 perishable?**

   ☐   No

   ☐   Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

   ☐   No

   ☐   Yes. Book value   $ _____    Valuation method _____    Current value   $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

   ☐   No

   ☐   Yes

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

   ☑   No. Go to Part 7.

   ☐   Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops-either planted or harvested** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $ _____ | _____ | $ _____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $ _____ | _____ | $ _____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $ _____ | | $ _____ |

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$ _____ 0.00

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

   ☐ No

   ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $ _____    Valuation method _____    Current value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38 **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $ _____ | _____ | $ _____ |
| 40. **Office fixtures** | $ _____ | _____ | $ _____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $ _____ | _____ | $ _____ |
| 42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $ _____ | _____ | $ _____ |
| 42.2 _____ | $ _____ | _____ | $ _____ |
| 42.3 _____ | $ _____ | _____ | $ _____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$ _____ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor    Claire's Swiss Holdings II LLC
_____

Case number (If known) 25-11463

Name

---

## Part 8:    Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General Description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1 | $ | | $ |
| 47.2 | $ | | $ |
| 47.3 | $ | | $ |
| 47.4 | $ | | $ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1 | $ | | $ |
| 48.2 | $ | | $ |

49. **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1 | $ | | $ |
| 49.2 | $ | | $ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| | $ | | $ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$ _____ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor    Claire's Swiss Holdings II LLC                                 Case number (if known)  25-11463
           Name

## Part 9:   Real property

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | | | | |
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.2 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.3 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.4 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.5 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.6 _____ | _____ | $ _____ | _____ | $ _____ |

56. **Total of Part 9.**

    Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

    $ _____ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10:   Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 61. **Internet domain names and websites** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 62. **Licenses, franchises, and royalties** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 64. **Other intangibles, or intellectual property** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 65. **Goodwill** | | | |
| _____ | $ _____ | _____ | $ _____ |

66. **Total of Part 10.**

    Add lines 60 through 65. Copy the total to line 89.

    $ _____ 0.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 11:   All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

71. **Notes receivable**

Description (include name of obligor)

| None | | — | | = → | $ | 0.00 |
|---|---|---|---|---|---|---|
| | Total Face Amount | Doubtful or uncollectible Amount | | | | |

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

| U.S. FEDERAL NOL CARRYFORWARD | Tax Year | 2024 | $ | 73,010,053.00 |
|---|---|---|---|---|
| | Tax Year | | $ | |
| | Tax Year | | $ | |

73. **Interests in insurance policies or annuities**

| None | $ | 0.00 |
|---|---|---|

74. **Causes of action against third parties** (whether or not a lawsuit has been filed)

| None | $ | 0.00 |
|---|---|---|

Nature of Claim

Amount Requested   $

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

| None | $ | 0.00 |
|---|---|---|

Nature of Claim

Amount Requested   $

76. **Trusts, equitable or future interests in property**

| None | $ | 0.00 |
|---|---|---|

77. **Other property of any kind not already listed**   *Examples:* Season tickets, country club membership

| None | $ | 0.00 |
|---|---|---|
| | $ | |

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

| $ | 73,010,053.00 |
|---|---|

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Debtor | Claire's Swiss Holdings II LLC | Case number (If known) | 25-11463 |
| | Name | | |

---

**Part 12:** **Summary**

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of Property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ Undetermined | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* . .............................................................. → | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ 73,010,053.00 | |
| 91. **Total.** Add lines 80 through 90 for each column.............................91a. | $ 73,010,053.00* | + 91b. $0.00 |

92. **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92.............................................................. $ 73,010,053.00*

**\*Plus Undetermined Amounts**

Debtor Name:  Claire's Swiss Holdings II LLC                                                                Case Number:   25-11463

**Assets - Real and Personal Property**

**Part 4, Question 15:** Non-publicly traded stock interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture.

| Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture *(Name of entity:)* | % of Ownership | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| CLAIRE'S (GIBRALTAR) HOLDINGS LIMITED | 100 | N/A | Undetermined |
| CLAIRE'S CHINA SERVICES | 100 | N/A | Undetermined |
| RSI INTERNATIONAL LIMITED | 100 | N/A | Undetermined |
| | | **TOTAL** | $0.00 |
| | | | + Undetermined Amounts |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | Claire's Swiss Holdings II LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (If known): | 25-11463 |

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

### Part 1:    List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | **Column A**<br>Amount of Claim<br>Do not deduct the value of collateral. | **Column B**<br>Value of collateral that supports this claim |
|---|---|---|---|

**2.1**

**Creditor's name**
ANKURA TRUST COMPANY, LLC

**Describe debtor's property that is subject to a lien**
SUBSTANTIALLY ALL ASSETS OF THE DEBTOR WHETHER NOW OWNED OR ACQUIRED

$ _____ Undetermined    $ _____ Undetermined

**Creditor's mailing address**
ATTN: RYAN M ROY & BETH MICENA
140 SHERMAN ST, 4TH FL
FAIRFIELD, 6824

**Describe the lien**
GUARANTOR TO THE PRIORITY TERM LOAN

**Creditor's email address, if known**
EMAIL ON FILE

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**    UNDETERMINED

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

**2.2**

**Creditor's name**
JPMORGAN CHASE BANK, N.A.

**Describe debtor's property that is subject to a lien**
SUBSTANTIALLY ALL ASSETS OF THE DEBTOR WHETHER NOW OWNED OR ACQUIRED

$ _____ Undetermined    $ _____ Undetermined

**Creditor's mailing address**
ATTN:  JOHN MORRONE
10 S DEARBORN ST, 9TH FL
CHICAGO, 60603

**Describe the lien**
GUARANTOR TO THE ABL FACILITY

**Creditor's email address, if known**
EMAIL ON FILE

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**    UNDETERMINED

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes.  Have you already specified the relative priority?
   ☑ No. Specify each creditor, including this creditor, and its relative priority.

   ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**          $ _____

| Debtor | Claire's Swiss Holdings II LLC | Case number (If known): | 25-11463 |
|---|---|---|---|
| | Name | | |

| **Part 1:** | **Additional Page** | Column A | Column B |
|---|---|---|---|

| | | **Amount of Claim** Do not deduct the value of collateral. | **Value of collateral that supports this claim** |

**Copy this page only if more space is needed.Continue numbering the lines sequentially from the previous page.**

---

**2.3**

| Creditor's name | Describe debtor's property that is subject to a lien |
|---|---|
| JPMORGAN CHASE BANK, N.A. | SUBSTANTIALLY ALL ASSETS OF THE DEBTOR WHETHER NOW OWNED OR ACQUIRED |

$ _____ Undetermined  $ _____ Undetermined

**Creditor's mailing address**
ATTN: JOHN MORRONE
10 S DEARBORN ST, 9TH FL
CHICAGO, 60603

**Describe the lien**
GUARANTOR TO THE EXISTING TERM LOAN

**Creditor's email address, if known**
EMAIL ON FILE

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**        UNDETERMINED

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Have you already specified the relative priority?

   ☑ No. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

   ☐ Yes. The relative priority of creditors is specified on lines

---

**2.4**

| Creditor's name | Describe debtor's property that is subject to a lien |
|---|---|

$ _____  $ _____

**Creditor's mailing address**

**Describe the lien**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

   ☐ Yes. The relative priority of creditors is specified on lines

---

| Debtor | Claire's Swiss Holdings II LLC | Case number (If known): | 25-11463 |
|---|---|---|---|
| | Name | | |

---

**Part 2:**     **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>Claire's Swiss Holdings II LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware</td></tr>
<tr><td>Case number<br>(If known)</td><td>25-11463</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.
☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|

**2.1** Priority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

Is the claim subject to offset?
☐ No
☐ Yes

Total claim $ _____    Priority amount $ _____

**2.2** Priority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

Is the claim subject to offset?
☐ No
☐ Yes

$ _____    $ _____

**2.3** Priority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

Is the claim subject to offset?
☐ No
☐ Yes

$ _____    $ _____

| Debtor | Claire's Swiss Holdings, LLC | | Case number (if known) | 25-11463 |
|---|---|---|---|---|
| | Name | | | |

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

**3.** **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | **Amount of claim** |
|---|---|---|

**3.1** **Nonpriority creditor's name and mailing address**
CITIBANK, N.A.
3800 CITIBANK CENTER
BUILDING B, 1ST FLOOR
TAMPA, FL 33610

**As of the petition filing date, the claim is:**
*Check all that apply.*
☒ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:** GUARANTOR TO LETTER OF CREDIT 69615896 FOR THE BENEFIT OF QBE INSURANCE CORPORATION

**Is the claim subject to offset?**
☐ No
☐ Yes

**Date or dates debt was incurred** UNDETERMINED

**Last 4 digits of account number**

$ Undetermined

---

**3.2** **Nonpriority creditor's name and mailing address**
CITIBANK, N.A.
3800 CITIBANK CENTER
BUILDING B, 1ST FLOOR
TAMPA, FL 33610

**As of the petition filing date, the claim is:**
*Check all that apply.*
☒ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:** GUARANTOR TO LETTER OF CREDIT 69620712 FOR THE BENEFIT OF ATLANTIC SPECIALTY INSURANCE COMPANY

**Is the claim subject to offset?**
☐ No
☐ Yes

**Date or dates debt was incurred** UNDETERMINED

**Last 4 digits of account number**

$ Undetermined

---

**3.3** **Nonpriority creditor's name and mailing address**
CITIBANK, N.A.
3800 CITIBANK CENTER
BUILDING B, 1ST FLOOR
TAMPA, FL 33610

**As of the petition filing date, the claim is:**
*Check all that apply.*
☒ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:** GUARANTOR TO LETTER OF CREDIT 69615731 FOR THE BENEFIT OF BROADSTONE CLE ILLINOIS, LLC

**Is the claim subject to offset?**
☐ No
☐ Yes

**Date or dates debt was incurred** UNDETERMINED

**Last 4 digits of account number**

$ Undetermined

---

**3.4** **Nonpriority creditor's name and mailing address**
CITIBANK, N.A.
3800 CITIBANK CENTER
BUILDING B, 1ST FLOOR
TAMPA, FL 33610

**As of the petition filing date, the claim is:**
*Check all that apply.*
☒ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:** GUARANTOR TO LETTER OF CREDIT 69615846 FOR THE BENEFIT OF THE TRAVELERS INDEMNITY COMPANY

**Is the claim subject to offset?**
☐ No
☐ Yes

**Date or dates debt was incurred** UNDETERMINED

**Last 4 digits of account number**

$ Undetermined

---

**3.5** **Nonpriority creditor's name and mailing address**
CLAIRE'S STORES, INC.
2400 WEST CENTRAL ROAD
HOFFMAN ESTATES, IL 60192

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** INTERCOMPANY PAYABLE

**Is the claim subject to offset?**
☒ No
☐ Yes

**Date or dates debt was incurred** UNDETERMINED

**Last 4 digits of account number**

$ 1,000.00

---

**3.6** **Nonpriority creditor's name and mailing address**
JPMORGAN CHASE BANK, N.A.
ATTN:  JOHN MORRONE
10 S DEARBORN ST, 9TH FL
CHICAGO, 60603

**As of the petition filing date, the claim is:**
*Check all that apply.*
☒ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:** GUARANTOR TO LETTER OF CREDIT NUSCGS047496 FOR THE BENEFIT OF XL SPECIALTY INSURANCE COMPANY

**Is the claim subject to offset?**
☐ No
☐ Yes

**Date or dates debt was incurred** UNDETERMINED

**Last 4 digits of account number**

$ Undetermined

---

| Debtor | Claire's Swiss Holdings II LLC | Case number (if known): | 25-11463 |
|---|---|---|---|
| | Name | | |

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 | Line<br><br>☐ Not listed. Explain | |
| 4.2 | Line<br><br>☐ Not listed. Explain | |
| 4.3 | Line<br><br>☐ Not listed. Explain | |
| 4.4 | Line<br><br>☐ Not listed. Explain | |
| 4.5 | Line<br><br>☐ Not listed. Explain | |
| 4.6 | Line<br><br>☐ Not listed. Explain | |
| 4.7 | Line<br><br>☐ Not listed. Explain | |
| 4.8 | Line<br><br>☐ Not listed. Explain | |
| 4.9 | Line<br><br>☐ Not listed. Explain | |

| Debtor | Claire's Swiss Holdings II LLC | | Case number (if known) | 25-11463 |
|---|---|---|---|---|
| | Name | | | |

**Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims**

5.    Add the amounts of priority and nonpriority unsecured claims.

|  |  |  | Total of claim amounts |
|---|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | $ 0.00 |
| 5b. | **Total claims from Part 2** | 5b. ✚ | $ 1,000.00 |
| | | | + Undetermined Amounts |
| 5c. | **Total of Parts 1 and 2** Lines 5a + 5b = 5c. | 5c. | $ 1,000.00 |
| | | | + Undetermined Amounts |

**Fill in this information to identify the case:**

Debtor name          Claire's Swiss Holdings II LLC

United States Bankruptcy Court for the:    District of Delaware

Case number (If known):    25-11463

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. | List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | GRANTOR INTERCREDITOR AGREEMENT JOINDER | CITIBANK, N.A.<br>388 GREENWICH STREET<br>7TH FL<br>NEW YORK, NY 10013 |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | CAPITAL CONTRIBUTION AGREEMENT | CLAIRE'S (GIBRALTAR) HOLDINGS LIMITED<br>2400 WEST CENTRAL ROAD<br>HOFFMAN ESTATES, IL 60192 |
| 2.3 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | CAPITAL CONTRIBUTION AGREEMENT | CLAIRE'S (GIBRALTAR) HOLDINGS LIMITED<br>2400 WEST CENTRAL ROAD<br>HOFFMAN ESTATES, IL 60192 |
| 2.4 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | CAPITAL CONTRIBUTION AGREEMENT | CLAIRE'S (GIBRALTAR) HOLDINGS LIMITED<br>57/63 LINE WALL ROAD<br>REGISTERED WITH THE GIBRALTAR COMPANIES REGISTRY<br>UNDER NUMBER 99540<br>GIBRALTAR, GIBRALTAR<br>GIBRALTAR |
| 2.5 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | GRANTOR INTERCREDITOR AGREEMENT JOINDER | JPMORGAN CHASE BANK, N.A.<br>388 GREENWICH STREET<br>7TH FL<br>NEW YORK, NY 10013 |

Debtor    Claire's Swiss Holdings II LLC

Name

Case number (if known):    25-11463

---

**Additional Page if Debtor Has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.6** State what the contract or lease is for and the nature of the debtor's interest | GRANTOR INTERCREDITOR AGREEMENT JOINDER |
| | WILMINGTON TRUST, NATIONAL ASSOCIATION |
| | 388 GREENWICH STREET |
| | 7TH FL |
| | NEW YORK, NY 10013 |
| State the term remaining | |
| List the contract number of any government contract | |
| State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | Claire's Swiss Holdings II LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (If known): | 25-11463 |

☐ Check if this is an amended filing

## Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible.   If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the additional Page to this page.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.1 | BMS Distributing Corp. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | ANKURA TRUST COMPANY, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.2 | BMS Distributing Corp. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | CITIBANK, N.A. | ☐ D<br>☑ E/F<br>☐ G |
| 2.3 | BMS Distributing Corp. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☐ D<br>☑ E/F<br>☐ G |
| 2.4 | BMS Distributing Corp. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☑ D<br>☐ E/F<br>☐ G |
| 2.5 | CBI Distributing Corp. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | ANKURA TRUST COMPANY, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.6 | CBI Distributing Corp. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | CITIBANK, N.A. | ☐ D<br>☑ E/F<br>☐ G |

| Debtor | Claire's Swiss Holdings II LLC | Case number (If known): | 25-11463 |
| --- | --- | --- | --- |
| | Name | | |

## Additional Page if Debtor Has More Codebtors

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
| --- | --- | --- | --- | --- |
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.7 | CBI Distributing Corp. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☐ D ☑ E/F ☐ G |
| 2.8 | CBI Distributing Corp. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☑ D ☐ E/F ☐ G |
| 2.9 | Claire's (Gibraltar) Holdings Limited | 57/63 LINE WALL ROAD GIBRALTAR, GX11 1AA GIBRALTAR | JPMORGAN CHASE BANK, N.A. | ☑ D ☐ E/F ☐ G |
| 2.10 | Claire's Boutiques, Inc. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | CITIBANK, N.A. | ☐ D ☑ E/F ☐ G |
| 2.11 | Claire's Boutiques, Inc. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☐ D ☑ E/F ☐ G |
| 2.12 | Claire's Boutiques, Inc. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☑ D ☐ E/F ☐ G |
| 2.13 | Claire's Canada Corp. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | ANKURA TRUST COMPANY, LLC | ☑ D ☐ E/F ☐ G |
| 2.14 | Claire's Canada Corp. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | CITIBANK, N.A. | ☐ D ☑ E/F ☐ G |

| Debtor | Claire's Swiss Holdings II LLC | Case number (if known) | 25-11463 |
|---|---|---|---|
| | Name | | |

**Additional Page if Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.15 | Claire's Canada Corp. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☐ D  ☑ E/F  ☐ G |
| 2.16 | Claire's Canada Corp. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☑ D  ☐ E/F  ☐ G |
| 2.17 | Claire's Holdings LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | ANKURA TRUST COMPANY, LLC | ☑ D  ☐ E/F  ☐ G |
| 2.18 | Claire's Holdings LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | CITIBANK, N.A. | ☐ D  ☑ E/F  ☐ G |
| 2.19 | Claire's Holdings LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☑ D  ☐ E/F  ☐ G |
| 2.20 | Claire's Intellectual LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | ANKURA TRUST COMPANY, LLC | ☑ D  ☐ E/F  ☐ G |
| 2.21 | Claire's Intellectual LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | CITIBANK, N.A. | ☐ D  ☑ E/F  ☐ G |
| 2.22 | Claire's Intellectual LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☐ D  ☑ E/F  ☐ G |

Debtor  Claire's Swiss Holdings II LLC

Name

Case number (If known): 25-11463

**Additional Page if Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
| --- | --- | --- | --- | --- |
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.23 | Claire's Intellectual LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☑ D ☐ E/F ☐ G |
| 2.24 | Claire's Puerto Rico Corp. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | ANKURA TRUST COMPANY, LLC | ☑ D ☐ E/F ☐ G |
| 2.25 | Claire's Puerto Rico Corp. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | CITIBANK, N.A. | ☐ D ☑ E/F ☐ G |
| 2.26 | Claire's Puerto Rico Corp. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☐ D ☑ E/F ☐ G |
| 2.27 | Claire's Puerto Rico Corp. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☑ D ☐ E/F ☐ G |
| 2.28 | Claire's Stores, Inc. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | ANKURA TRUST COMPANY, LLC | ☑ D ☐ E/F ☐ G |
| 2.29 | Claire's Stores, Inc. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☐ D ☑ E/F ☐ G |
| 2.30 | Claire's Stores, Inc. | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☑ D ☐ E/F ☐ G |

Debtor    Claire's Swiss Holdings II LLC                                   Case number (If known)    25-11463
Name

## Additional Page if Debtor Has More Codebtors

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
| --- | --- | --- | --- | --- |
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.31 | Claire's Swiss Holdings LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | ANKURA TRUST COMPANY, LLC | ☑ D ☐ E/F ☐ G |
| 2.32 | Claire's Swiss Holdings LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | CITIBANK, N.A. | ☐ D ☑ E/F ☐ G |
| 2.33 | Claire's Swiss Holdings LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☐ D ☑ E/F ☐ G |
| 2.34 | Claire's Swiss Holdings LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☑ D ☐ E/F ☐ G |
| 2.35 | CLSIP Holdings LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | ANKURA TRUST COMPANY, LLC | ☑ D ☐ E/F ☐ G |
| 2.36 | CLSIP Holdings LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | CITIBANK, N.A. | ☐ D ☑ E/F ☐ G |
| 2.37 | CLSIP Holdings LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☐ D ☑ E/F ☐ G |
| 2.38 | CLSIP Holdings LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☑ D ☐ E/F ☐ G |

Debtor  Claire's Swiss Holdings II LLC
        Name

Case number (If known)  25-11463

| | Additional Page if Debtor Has More Codebtors |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.39 | CLSIP LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | ANKURA TRUST COMPANY, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.40 | CLSIP LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | CITIBANK, N.A. | ☐ D<br>☑ E/F<br>☐ G |
| 2.41 | CLSIP LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☐ D<br>☑ E/F<br>☐ G |
| 2.42 | CLSIP LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☑ D<br>☐ E/F<br>☐ G |
| 2.43 | CSI Canada LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | ANKURA TRUST COMPANY, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.44 | CSI Canada LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | CITIBANK, N.A. | ☐ D<br>☑ E/F<br>☐ G |
| 2.45 | CSI Canada LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☐ D<br>☑ E/F<br>☐ G |
| 2.46 | CSI Canada LLC | 2400 WEST CENTRAL ROAD HOFFMAN ESTATES, IL 60192 | JPMORGAN CHASE BANK, N.A. | ☑ D<br>☐ E/F<br>☐ G |

| Debtor | Claire's Swiss Holdings II LLC | Case number (If known): | 25-11463 |
|---|---|---|---|
| | Name | | |

## Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.47 | | | | ☐ D  ☐ E/F  ☐ G |
| 2.48 | | | | ☐ D  ☐ E/F  ☐ G |
| 2.49 | | | | ☐ D  ☐ E/F  ☐ G |
| 2.50 | | | | ☐ D  ☐ E/F  ☐ G |
| 2.51 | | | | ☐ D  ☐ E/F  ☐ G |
| 2.52 | | | | ☐ D  ☐ E/F  ☐ G |
| 2.53 | | | | ☐ D  ☐ E/F  ☐ G |
| 2.54 | | | | ☐ D  ☐ E/F  ☐ G |

**Fill in this information to identify the case and this filing:**

Debtor name  Claire's Swiss Holdings II LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (If known)  25-11463

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended Schedule _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders*  (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/08/2025
MM / DD / YYYY

X /S/ CHRIS CRAMER
Signature of individual signing on behalf of debtor

CHRIS CRAMER
Printed name

CHIEF EXECUTIVE OFFICER, CHIEF OPERATING OFFICER, AND CHIEF FINANCIAL OFFICER
Position or relationship to debtor